1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

8

9   TERAH ROBERTS, et al.,                          CASE NO. 09cv2874-WQH-WMc

10                                   Plaintiffs,    ORDER

        vs.
11  UNITED STATES OF AMERICA;
    AERON WICKES, M.D.; MICHELE
12  GRAD, M.D.; PALOMAR POMERADO
    HEALTH; DOES 1 THROUGH 40,
13  INCLUSIVE,

14                                   Defendants.

15  HAYES, Judge:

16          The matter before the Court is the Motion to Dismiss, Or in the Alternative, Motion for

17  Summary Judgment ("Motion to Dismiss") filed by Defendant United States of America

18  ("United States").  (Doc. # 7).

19  **I.      Background**

20          On April 3, 2009, Plaintiffs initiated this action by filing a Complaint in San Diego

21  County Superior Court, where it was assigned case number 37-2009-86857-CU-MM-CTL.

22  (Doc. # 1, Ex. 1).  The Complaint alleges medical malpractice claims against Defendants

23  Neighborhood Healthcare, Daniel C. Harrison, M.D., Maribeth Chong, M.D., Amy Y. Carney,

24  FNP (collectively, "Federal Defendants"), and Aeron Wickes, M.D., Michele Grad, M.D., and

25  Palomar Pomerado Health.

26          On December 23, 2009, the United States, on behalf of the Federal Defendants,

27  removed the action to this Court.  (Doc. # 1).

28          On December 23, 2009, the United States filed a Notice of Certification on behalf of

the Federal Defendants. (Doc. # 2). The Notice of Certification, which is signed by an

Assistant United States Attorney, states:

> Pursuant to the provisions of 42 U.S.C. § 233(c), and pursuant to the authority vested in the United States Attorney to make scope of employment certifications under 28 C.F.R. 15.3(a), ... I hereby find and certify that ... Defendant Neighborhood Healthcare ... was deemed a federal employee and eligible for Federal Tort Claims Act malpractice during the period at issue in this action. I further certify that Defendants Daniel C. Harrison, M.D., Maribeth Chong, M.D. and Amy Y. Carney, FNP, were acting within the scope of their employment as persons who are deemed ... employees of the United States, pursuant to 42 U.S.C. § 233, at the time of such actions.

(Doc. # 2 at 1-2).

On December 23, 2009, the United States filed a Notice of Substitution of United States of America for Defendants: Neighborhood Healthcare, Daniel C. Harrison, M.D., Maribeth Chong, M.D., and Amy Y. Carney, FNP. (Doc. # 3).

On January 27, 2010, this Court entered an Order which stated:

> Upon review and consideration of the Notice of Substitution, and it appearing to the Court that this is a tort action against Defendants Neighborhood Healthcare, Harrison, Chong, and Carney arising out of their actions certified by the appropriate official to have been taken within the scope of their employment as deemed federal employees,

> IT IS ORDERED, pursuant to 28 U.S.C. § 2679(d), as amended by Public Law 100-694, that the United States of America shall be substituted as a defendant herein, in place of Defendants Neighborhood Healthcare, Harrison, Chong, and Carney and that the title of the action be amended accordingly.

> IT IS FURTHER ORDERED that as to Defendants Neighborhood Healthcare, Harrison, Chong, and Carney this action is dismissed, with prejudice, pursuant to 42 U.S.C. 233 (a) and (g).

(Doc. # 6 at 2).

On February 4, 2010, the United States filed the Motion to Dismiss. (Doc. # 7). The United States contends that Plaintiffs' action as to the United States must be dismissed without prejudice pursuant to the Federal Tort Claims Act because Plaintiffs failed to file an administrative claim with the agency whose conduct caused the alleged tort.

Plaintiffs did not file a response to the Motion to Dismiss.

## II.   Discussion

The Federal Employees Liability Reform and Tort Compensation Act ("FELRTCA") immunizes United States employees from liability for their "negligent or wrongful act[s] or

omission[s] ... while acting within the scope of [their] office or employment." 28 U.S.C. § 2679(b)(1). The Attorney General certifies whether a United States employee was acting within the scope of his or her employment at the time of an event giving rise to a civil claim. *See* 28 U.S.C. § 2679(d)(1), (2). "Once certification is given in a civil action, FELRTCA requires the substitution of the United States as the defendant, and, if the action was originally filed in state court, the removal of the action to federal court. Under the terms of FELRTCA, the substitution of the United States leaves the plaintiff with a single avenue of recovery, the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq*." *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993) (citing 28 U.S.C. § 2679(d)(4)).

The United States has waived its immunity to actions sounding in tort through the FTCA. Prior presentment of an administrative claim and its final denial by the agency concerned or failure of the agency to make final disposition within six months, are conditions precedent under the FTCA to waiver of the United States' sovereign immunity. *See Holloman v. Watt*, 708 F.2d 1399, 1402 (9th Cir. 1983). The FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

The United States submitted an affidavit from an attorney with the Department of Health and Human Services stating that there is no record of Plaintiffs having filed an administrative tort claim relating to the Federal Defendants. (Torres Dec. ¶¶ 4-6, Doc. # 7-2). Plaintiffs failed to respond or contest this assertion. "The party who sues the United States bears the burden of pointing to ... an unequivocal waiver of immunity." *Holloman*, 708 F.2d at 1401. Based upon the record, the Court concludes that Plaintiffs have failed to satisfy a prerequisite for the maintenance of a tort action against the United States. The Motion to Dismiss the United States is granted and the United States is dismissed without prejudice.

**III.    Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss is **GRANTED**.  (Doc. # 7). The United States is **DISMISSED** without prejudice.

All remaining parties are **ORDERED TO SHOW CAUSE** why this action should not be remanded to state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).  *See Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257-58 (9th Cir. 1997). This action will be remanded to San Diego Superior Court unless, no later than **fourteen (14) days** from the date of this Order, a party files a brief stating a basis for this Court's subject-matter jurisdiction.

DATED:  March 23, 2010

**WILLIAM Q. HAYES**
United States District Judge